**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**


**DEANNDRE KEENE,**

        Plaintiff,

   v.                                  Civil Action No. 1:24-cv-3040

**COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC,**

        Defendant.


## NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that under 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446, Defendant Comcast Cable Communications Management, LLC ("Defendant" or "Comcast"),[1] through its undersigned counsel, hereby removes this action from the Circuit Court for Baltimore City, Maryland to the U.S. District Court for the District of Maryland, Northern Division.  This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332(a), respectively, because (1) the Complaint asserts claims arising under federal law, and (2) Plaintiff and Comcast are diverse and the amount in controversy exceeds $75,000.

### SUMMARY OF COMPLAINT

1.      On July 23, 2024, Plaintiff Deanndre Keene filed an action against Comcast in the Circuit Court for Baltimore City, Maryland, captioned *Deanndre Keene v. Comcast Cable*, Case No. C-24-CV-24-001610.

---

[1] Defendant is erroneously named in the complaint as "Comcast Cable." Throughout the time relevant here, Plaintiff was employed by Comcast Cable Communications Management, LLC.

2.    Although the Complaint is not a model of clarity, Plaintiff appears to assert several claims stemming from her former employment with Comcast and the separation of that employment in April 2023, including discrimination based on disability and race under both Maryland law (Title 20 of the Maryland State Government Code) and federal law (the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII")).[2]

3.    Attached as **Exhibit A** is a true and correct copy of Plaintiff's Complaint, inclusive of the attachments that she appended to it at the time of filing, as well as the other documents that were filed in Baltimore City Circuit Court to Comcast's understanding. On information and belief, these documents comprise the entirety of the process, pleadings, and orders served upon Comcast in the Circuit Court for Baltimore City, Maryland.  *See* 28 U.S.C. § 1446(a).

### VENUE IS PROPER IN THIS COURT

4.    This case was filed originally in the Circuit Court for Baltimore City, Maryland, which renders venue proper in this Court, as it is the federal district that embraces Baltimore City. *See* 28 U.S.C. § 1441; 28 U.S.C. § 100(1); D. Md. L.R. 501.2.

### REMOVAL IS TIMELY

5.    Plaintiff effected service of the Complaint on Comcast on September 18, 2024, by serving Comcast's agent for service of process (CSC). This removal is therefore timely because fewer than thirty (30) days have elapsed since the date of service. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that removal deadline runs from date of service); *Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532, 539 (D. Md. 2012) (same).

---

[2] This is how the Maryland Commission on Civil Rights ("MCCR") construed Plaintiff's claims, as reflected in MCCR's finding of "No Probable Cause" appended to the Complaint. Further, the Complaint expressly refers to the Family and Medical Leave Act ("FMLA") several times, which could be read as an attempt to raise some claim(s) under that federal statute, too.

**THE COURT POSSESSES SUBJECT-MATTER JURISDICTION**

6.      Federal law allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).

7.      Federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as cases where the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties, *id.* § 1332.  Both bases for federal jurisdiction are present here.

**<u>Federal-Question Jurisdiction</u>**

8.      First, this Court has federal-question jurisdiction under Section 1331 because Plaintiff's Complaint asserts claims that arise under <u>federal</u> employment laws, including the ADA and Title VII. The Complaint makes explicit reference to Comcast allegedly violating at least one of these statutes (the ADA), and the Complaint separately invokes the FMLA in a few places. *See* Ex. A, Narrative Complaint, at p. 11 (asserting that Comcast "fired [her] while on protected ADA leave"); *see id.* (referring to "having FMLA"); *id.* at p. 15 ("[N]one of this would have happened if they followed the proper protocol of the ADA"). In addition, other documents that Plaintiff appended to the Complaint confirm that she cross-filed her MCCR complaint with the U.S. Equal Employment Opportunity Commission (EEOC), which provides further indicia that Plaintiff may be seeking to pursue any federal claims that she may have properly exhausted with the EEOC. *See* Ex. A, MCCR "No Probable Cause" Letter dated March 13, 2024, at pp. 16-17 (referencing filing with the EEOC). In short, the federal law claims that Plaintiff asserts trigger the Court's jurisdiction.

**<u>Diversity-of-Citizenship Jurisdiction</u>**

9.      Second, this Court has diversity-of-citizenship jurisdiction under Section 1332(a) because Plaintiff and Comcast are diverse and the requisite amount in controversy is met.

10. **Citizenship.** As to citizenship, the parties are completely diverse.

11. For her part, Plaintiff is a resident and citizen of Maryland. *See generally* Compl.

12. As to Comcast, as a limited liability company, it has the citizenship of each of its members for diversity purposes. *See, e.g.*, *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (stating that, "[f]or purposes of diversity jurisdiction, the citizenship of a limited liability company … is determined by the citizenship of all of its members," including corporate members). Tracing upwards, Comcast Cable Communications Management, LLC is a limited liability company organized under the laws of Delaware, and its principal place of business is in Pennsylvania. Declaration of Jeremy Hsu ("Hsu Decl.") ¶ 2.  The sole member of Comcast Cable Communications Management, LLC is Comcast Cable Communications, LLC. *Id.* ¶ 3. Comcast Cable Communication, LLC is organized under the laws of the State of Delaware and its principal place of business is in Pennsylvania. *Id.* ¶ 4. The sole member of Comcast Cable Communications, LLC is Comcast Holdings Corporation. *Id.* ¶ 5. Comcast Holdings Corporation's state of incorporation is Pennsylvania, and its principal place of business is in Pennsylvania. *Id.* ¶ 6. The sole member of Comcast Holdings Corporation is Comcast Corporation. *Id.* ¶ 7. Comcast Corporation's state of incorporation is Pennsylvania, and its principal place of business is in Pennsylvania. *Id.* ¶ 8. Based on the foregoing, Comcast Cable Communications Management, LLC is a citizen of the Commonwealth of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

13. Accordingly, the parties are completely diverse because they are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

14. **Amount in Controversy.** To establish diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

15.     For amount-in-controversy purposes, the notice of removal itself need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (citing *Dart Cherokee Basin Operating Co., LLC, v. Owens*, 574 U.S. 81, 89 (2014)).  As the Supreme Court has instructed, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Owens*, 574 U.S. at 87.  Additionally, a court may use its "experience and common sense" to determine whether the $75,000 threshold has been met. *Williams v. Bank of N.Y Mellon*, 2013 WL 2422895, at *3 (D. Md. June 3, 2013).

16.     Here, Plaintiff's claims implicate various forms of relief from Comcast, including alleged backpay, compensatory damages for claimed emotional distress, and possibly more.  While Comcast completely denies any liability in connection with Plaintiff's claims—and likewise denies that Plaintiff should recover any relief at all—a conservative good-faith estimate of the value of the alleged monetary exposure and potential recovery placed at issue through Plaintiff's claims and allegations shows that the amount in controversy here plausibly exceeds $75,000.

17.     For starters, Plaintiff's alleged back-pay damages alone would likely exceed the jurisdictional minimum.  Plaintiff's final rate of base pay with Comcast was $20.56 per hour, as a full-time employee; annualized, this means that Plaintiff's approximate annual base compensation was around $42,764. *See* Declaration of Janice Patel ("Patel Decl.") ¶ 3.[3] As Plaintiff correctly alleges, her employment with Comcast was terminated in April 2023. *See* Ex. A, Compl., at p. 4 ("[W]hile on ADA leave I was terminated on 4/2023.")  Assuming this case were finally

---

[3] As another measure, Plaintiff's 2022 IRS Form W-2 reflects total wages from Comcast of approximately $34,814 in 2022, which only encompassed active work for about two-thirds of the year from January through September 9, 2022 (at which time she started a leave of absence). Patel Decl. ¶ 4. Annualized, this would be more than $52,000 ($34,814 ÷ 8 months covering January through August = $4,351/month; $4,351 x 12 months = $52,212.)

adjudicated 12 months after removal—*i.e.*, in or around October 2025—Plaintiff's claim for lost wages may likely exceed $75,000 by that point. ($20.56 x 2,080 hours-per-year x ~2.5 years = $106,912). Accordingly, the amount placed in controversy by Plaintiff's claim for backpay alone, plausibly exceeds the jurisdictional threshold, before even considering other categories of potential claimed relief.

18.    Separately, Plaintiff's allegations appear to implicate a claim for compensatory damages attributable to an alleged "mental breakdown" that she seemingly attributes to Comcast. Ex. A, Compl., at p. 12. Courts within the Fourth Circuit appropriately include the monetary value of emotional-distress damages in assessing the amount-in-controversy. *See, e.g.*, *Bragg v. Harco Distrib., Inc.*, 2014 WL 509524, at *4 (D. Md. Feb. 6, 2014) (including plaintiff's claims for emotional distress in finding claims totaled more than $75,000); *Putnam v. Wake Christian Acad.*, 2019 WL 8375930, at *5 (D.S.C. Nov. 25, 2019), *R. & R. adopted*, 2020 WL 582236 (D.S.C. Feb. 6, 2020) (similar); *Vogt v. Macys Retail Holdings, Inc.*, 2020 WL 13094072, at *3 (N.D. W. Va. Dec. 10, 2020) (similar).

19.    Taking these two categories of requested relief together—and, again, without conceding in any respect that Plaintiff is entitled to any damages or recovery whatsoever—the Complaint's allegations plausibly demonstrate at least $75,000 in controversy, satisfying the necessary threshold for purposes of federal diversity jurisdiction. 28 U.S.C. §§ 1332, 1441.

*     *     *

20.    For either or both of these reasons, this Court properly exercises federal subject-matter jurisdiction over this action. 28 U.S.C. §§ 1331, 1332(a).

**NOTICE TO PLAINTIFF AND THE CIRCUIT COURT**

21.     Contemporaneously with the filing of this notice of removal, Comcast will provide notice to Plaintiff and file a copy of this notice of removal in the Circuit Court for Baltimore City, Maryland, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Comcast, desiring to remove this case to the U.S. District Court for the District of Maryland (Northern Division), prays that the filing of this notice of removal shall effect the removal of this action to this Court.

Dated: October 18, 2024

Respectfully submitted,

/s/ *Kaiser H. Chowdhry*
Kaiser H. Chowdhry (D. Md. Bar No. 18076)
Andrea N. Threet (D. Md. Bar. No. 31325)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone:     +1.202.739.3000
Facsimile:     +1.202.739.3001
kaiser.chowdhry@morganlewis.com
andrea.threet@morganlewis.com

*Attorneys for Defendant*
Comcast Cable Communications Management LLC

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 18, 2024, I served a copy of the foregoing document on Plaintiff

via email and FedEx at the following address:


Deanndre Keene
5148 Stafford Rd
Baltimore, MD 21229
djones23@comcast.net

*Pro-Se Plaintiff*


<u>s/ Kaiser H. Chowdhry</u>
Kaiser H. Chowdhry