IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DEANNDRE KEENE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | Case. No. MJM-24-3040 |
| v. | * | |
| | * | |
| **COMCAST CABLE COMMUNICATIONS** | * | |
| **MANAGEMENT, LLC,** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Currently pending before the Court are numerous motions filed by self-represented plaintiff Deanndre Keene ("Plaintiff"). ECF Nos. 52, 53, 54, 58, 67, 70, 75, 82, 83, 86, 94. Most of the motions are properly construed as a motion for reconsideration of an Order this Court issued on February 5, 2025. ECF No. 51. In addition, the pending motions include a motion for recusal, motions for sanctions against Comcast, and motions for waiver of certain litigation costs. The Court conducted a telephonic hearing on August 8, 2025, and heard oral argument from the parties on the question of reconsideration. For the reasons set forth below, Plaintiff's motion for reconsideration shall be granted in part and denied in part, and her other motions shall be denied.[1]

---

[1] In some of her filings, Plaintiff appears to challenge Comcast's removal of this matter from the Circuit Court for Baltimore City, Maryland to this Court. The grounds for removal asserted in the Notice of Removal are both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under § 1332(a). Plaintiff only appears to challenge diversity jurisdiction. In retaining jurisdiction of this matter, the Court construed Plaintiff's Complaint as asserting claims under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964. Plaintiff's Complaint is not a model of clarity, but in filings made in response to Comcast's motion to compel arbitration, as well as later filings, Plaintiff appears to cite violations of the ADA as the grounds for this suit. During the telephonic hearing, Plaintiff confirmed that her disability discrimination claims are based on alleged violations of the ADA. At no point has Plaintiff disclaimed or denied seeking relief under federal law. Accordingly, this Court finds that it has federal question jurisdiction of the case.

1

I.   BACKGROUND

On February 5, 2025, the Court entered a Memorandum and Order granting defendant Comcast Cable Communications Management, LLC's ("Comcast") motion to compel arbitration, directing the parties to arbitrate Plaintiff's claims in accordance with their arbitration agreement, denying various motions filed by Plaintiff, and dismissing this case without prejudice. ECF Nos. 50, 51. The relevant facts of the case are detailed in pages 1 through 5 of the Memorandum and incorporated here by reference. ECF No. 50 at 1–5.

Since that date, Plaintiff has noticed an appeal to the U.S. Court of Appeals for the Fourth Circuit and filed numerous motions in the instant case. This Memorandum will address each pending motion.

II.   MOTION FOR RECUSAL

In ECF No. 83, Plaintiff argues that the case should be reassigned to a different judge due to alleged judicial bias or partiality, claiming that the Court's rulings reflect unfair treatment and prejudgment. The statutory basis asserted for the undersigned judge's recusal is unclear. The Court recognizes, however, that

> Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." In turn, the following subsection, 28 U.S.C. § 455(b), offers a list of other situations requiring recusal, one of which is where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

*Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011).

Recusal of the undersigned judge and reassignment of this case to a different judge are not warranted in this case. The only grounds for reassignment Plaintiff asserts are her disagreement with the Court's rulings granting Comcast's motion to compel arbitration and denying Plaintiff's

2

motions for sanctions, and the Court's broader administration of this case. "The Supreme Court has made clear that 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Sims v. Univ. of Md. Med. Sys. Corp.*, Civ. No. CCB-19-295, 2022 WL 4316640, at *2 (D. Md. Sept. 19, 2022) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Judicial rulings are commonly "proper grounds for appeal," but "not for recusal." *Liteky*, 510 U.S. at 555. "In and of themselves (i.e., apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source [of bias or partiality]; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* "[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." *Belue*, 640 F.3d at 574. "Similarly, a judge's efforts at docket management are not a basis for recusal." *McSwain v. Laurene Powell Jobs*, No. 1:13-CV-890, 2014 WL 12495108, at *1 (M.D.N.C. Apr. 2, 2014) (citing *Liteky*, 510 U.S. at 556). Plaintiff does not identify any legitimate reason that the undersigned judge's "impartiality might reasonably be questioned[,]" any evidence of "a personal bias or prejudice" the undersigned has concerning either party, any "personal knowledge of disputed evidentiary facts" the undersigned has concerning the case, or any other grounds for recusal listed in § 455(b). 28 U.S.C. § 455(a), (b). For these reasons, Plaintiff's motion for recusal and reassignment is denied.

### III.  MOTION FOR RECONSIDERATION OF ORDER COMPELLING ARBITRATION

In multiple filings that this Court construes collectively as a motion for reconsideration, ECF Nos. 52, 53, 54, 75, 82, 86, 94, Plaintiff requests reconsideration of the Court's Order granting Comcast's motion to compel arbitration and denying various motions Plaintiff filed to vacate her

3

arbitration agreement, impose sanctions and a default judgment upon Comcast, and to seal Court records. *See* ECF No. 51. The Court construes Plaintiff's motion for reconsideration as a motion under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 59(e) allows a party to file a motion to alter or amend a judgment within 28 days of its entry. A district court may grant a Rule 59(e) motion "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) motions are "an extraordinary remedy which should be used sparingly." *Id.* (citation omitted). Such motions "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

Rule 60(b) provides for relief from a final judgment, order, or proceeding for specific reasons, including:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "To prevail, a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances."

*Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). Once this threshold is met, the party "then must satisfy one of the six specific sections of Rule 60(b)." *Id.*

Plaintiff's requests for the Court to reconsider its Order compelling arbitration do not satisfy the standards of either Rule 59(e) or Rule 60(b). Plaintiff has not presented any newly discovered and previously unavailable evidence,[2] any clear legal error, or intervening change in controlling law. *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b)(2). While it is clear that Plaintiff disagrees with the legal analysis set forth in the Court's Memorandum explaining its Order, *see* ECF No. 50, "mere disagreement" with the Court's analysis does not suffice to identify a clear error of law. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Having reviewed the Memorandum underlying the challenged Order, the Court finds no error in its analysis. Plaintiff argues, for instance, that the Court erred in finding a valid arbitration agreement because, Plaintiff argues, the agreement lacks mutual assent, and she did not sign the agreement. ECF 84 at 1–2. Although "[t]he purpose of a signature is to demonstrate 'mutuality or assent[,]'" under Maryland law, assent "could as well be shown by the conduct of the parties." *Porter v. Gen. Boiler Casing Co.*, 396 A.2d 1090, 1095 (1979), *cited in Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 85 (4th Cir. 2016) ("[A]n acceptance [of an offer] may be manifested by actions as well as by words."). Here, as explained in the Court's prior Memorandum, Plaintiff demonstrated assent to the arbitration agreement at issue here by declining to opt out of the Comcast Solutions program in 2013 and later completing several electronic acknowledgements

---

[2] For "newly discovered evidence" to justify relief under Rules 59(e) or 60(b), the evidence "must have existed at the time of the court's ruling; post-ruling developments are not a basis for reconsideration." *Tiber Creek Partners, LLC v. Ellume USA LLC*, No. 23-1882, 2025 WL 1950071, at *3 (4th Cir. July 16, 2025).

certifying that she was bound by Comcast Solutions. *See* ECF Nos. 9-2, 9-8, 9-9, 9-10, 9-11. In her opposition to the motion to compel arbitration, Plaintiff offered no evidence that she was coerced or compelled into the arbitration agreement.

Plaintiff claims that she never received the Comcast Solutions mailing in 2013 and stated during the telephonic hearing that she may have thrown it out. "Under Maryland law, a presumption of delivery and receipt of mail arises when material is properly mailed . . . . Evidence of ordinary business practices concerning the mailing of notices is sufficient to create the presumption of both sending and receiving." *Benner v. Nationwide Mut. Ins. Co.*, 93 F.3d 1228, 1234 (4th Cir. 1996) (citations omitted). The presumption may be rebutted, but "testimony by the addressee that [s]he did not receive, or does not remember receiving, the material is not conclusive." *Id.* at 1234–35 (citations omitted).

Here, in support of its motion to compel arbitration, Comcast submitted the declaration of Lynn Collins, Comcast's vice president of Labor & Employee Relations, to establish that, as part of its ordinary business practices, Comcast mailed a letter and materials detailing the Comcast Solutions program to Plaintiff's address in Baltimore, Maryland in September 2013. ECF No. 9-2. A copy of the letter, Comcast Solutions brochure, and envelope addressed to Plaintiff are attached to the declaration. ECF Nos. 9-4, 9-5, 9-6. The brochure explained the terms of arbitration in detail, ECF No. 9-4, and the letter explained Plaintiff's automatic enrollment and opportunity to opt out of the program, ECF No. 9-5. Thereafter, in October 2013, Ms. Collins sent an email to Maryland-based employees, including Plaintiff, reminding them of their ability to opt out of Comcast Solutions and containing a link to an electronic copy of the brochure. ECF Nos. 9-2, 9-7. Comcast never received an opt-out notice from Plaintiff, ECF No. 9-2, and Plaintiff does not claim that she opted out of Comcast Solutions.

Based on a nearly identical record in *Campbell v. Comcast Cable Communications Management, LLC*, Judge Blake found Comcast's evidence sufficient to establish that the Comcast Solution materials were properly mailed to the plaintiff employee, and the plaintiff "failed to rebut the presumption of delivery and receipt of mail containing the Comcast Solutions Program created by Comcast's evidence." Civ. No. CCB-21-2000, 2022 WL 4237109, at *4 (D. Md. Sept. 13, 2022). Judge Blake reached this conclusion notwithstanding the plaintiff's argument "that he 'never received the notification' and that 'the defendant is not able to confirm that [he] received the [opt-out] provision of the arbitration agreement.'" *Id.*

This Court agrees with Judge Blake and has reached the same conclusion here. Plaintiff's statement during the telephonic hearing that she would have thrown out any letter attaching the Comcast Solutions materials she received in 2013 does not rebut the presumption that the mailing was delivered to, and received by, her. *See Benner*, 93 F.3d at 1234. Plaintiff did not opt out of the program. By declining to opt out and thereafter acknowledging she was bound by Comcast Solutions multiple times, Plaintiff agreed to enrollment and to be bound by the arbitration terms provided by the program. *See Campbell*, 2022 WL 4237109, at *4–6.

Plaintiff argues further that the Court erred in finding the arbitration agreement to be enforceable because, Plaintiff argues, the agreement is illusory under Maryland law. ECF No. 80 at 2 (citing *Coady v. Nationwide Motor Sales Corp.*, 32 F.4th 288 (4th Cir. 2022)). Plaintiff's reliance upon *Coady* is misplaced. In *Coady*, the Fourth Circuit recognized that, under Maryland law, an agreement to arbitrate "is illusory—and thus cannot constitute the consideration necessary to support a binding contract—if the employer reserves the right 'to alter, amend, modify, or revoke the Arbitration Policy . . . at any time with or without notice.'" 32 F.4th at 292 (quoting *Cheek v. United Healthcare of Mid-Atl., Inc.*, 835 A.2d 656, 662 (Md. 2003)). The court held that

7

the arbitration agreement at issue in *Coady* was illusory because, in a modification provision, the defendant reserved the "ability to 'change, abolish or modify existing policies, procedures or benefits applicable to employees as it may deem necessary with or without notice.'" *Id.* The defendant argued that the modification provision did not apply to the arbitration agreement. *Id.* The court rejected this argument, in part, because the acknowledgement receipt containing this provision "refer[red] to the contents of the [Employee] Handbook collectively, without excepting 'agreements,' and [the court saw] no reason to interpret the Modification Clause differently." *Id.* at 293. *Coady* is distinguishable from the instant case. Although the acknowledgement form for the employee handbook at issue in this case states that "Comcast may change or revise the Code of Conduct, the Employee Handbook and related policies at any time in its sole discretion and without advance notice[,]" the Comcast Solutions Program containing the terms of the arbitration agreement at issue here is expressly excepted from the modification provision. *See* ECF No. 9-7 at 2.

Plaintiff reasserts her argument that she lacked the mental capacity to enter into a binding arbitration agreement due to long-standing mental health challenges, and she argues that the Court erred in failing to consider medical documentation she submitted in opposition to Comcast's motion to compel arbitration. The Court did not ignore the medical documentation Plaintiff submitted at that time. The Court found Plaintiff's documentation inadequate to show that she lacked the ability "to understand in a reasonable manner the nature and consequences" of the arbitration agreement she acknowledged several times between February 2018 and March 2020, or the ability "to act in a reasonable manner in relation to the transaction[,] and [that Comcast had] reason to know of h[er] condition" during that period. *Smith v. Montgomery Cnty.*, Civ. No. PWG-8:17-03122, 2019 WL 1130156, at *4 (D. Md. Mar. 12, 2019). Maryland law "presumes that every

[person] is sane and has capacity to make a valid [contract], and the burden of proving the contrary rests upon those who allege that [they] lacked mental capacity." *Id.* (quoting *Zook v. Pesce*, 91 A.3d 1114, 1122 (Md. 2014)).

During the telephonic hearing, Plaintiff directed the Court's attention to a document contained in the state court record Comcast attached to its Local Rule 103.5(a) certificate, ECF No. 7-1 at 59–62, and medical records Plaintiff filed in this case, which this Court has sealed, ECF Nos. 12, 13, 14, 15. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ There is no indication among any of the provided medical documentation that Plaintiff has experienced cognitive disturbances so severe as to suggest an inability to contract voluntarily, rationally, and intelligently.

The Court finds the provided documents to be insufficient to establish that Plaintiff lacked the mental capacity to make a valid contract between September 2013 (when Comcast mailed to Plaintiff's home the terms of the arbitration agreement as part of Comcast Solutions and Plaintiff declined to opt out) and March 2020 (when she continued to acknowledge that she was bound by Comcast Solutions). To the contrary, having reviewed numerous written filings Plaintiff has made

9

in this case and oral argument she provided during a telephonic hearing, the Court finds Plaintiff to be competent to make and respond to rational arguments and to represent herself in this civil action. And, as noted in the prior Memorandum, Plaintiff's mental capacity is further supported by her own allegations about the quality of her work performance during the period that she acknowledged that Comcast Solutions was binding. *See* ECF No. 4-1 at 1. The fact that Plaintiff has experienced symptoms of mental disorders, for which she has received treatment for nearly two decades, by itself, is not enough to demonstrate a lack of mental capacity to contract. *See, e.g.*, *Smith*, 2019 WL 1130156, at *4 ("Generally, to establish that the requisite mental capacity was lacking, the plaintiff 'must provide proof of irrational or unintelligent behavior. It is not enough to show that there was an intellectual weakness which did not amount to a lack of power to comprehend.'") (quoting *Marston v. United States*, No. 10-10437-GAO, 2012 WL 4529940, at * (D. Mass. Sept. 30, 2012)). Accordingly, Plaintiff has failed to rebut the presumption recognized under Maryland law that she was mentally capable of entering her arbitration agreement with Comcast both at the time she entered it and through subsequent acknowledgements.

In seeking reconsideration, Plaintiff emphasizes her argument that, after her final employee handbook acknowledgement, Comcast distributed a new employee handbook to its employees that superseded prior handbooks. Plaintiff seems to argue that distributing the new handbook invalided the handbook she acknowledged between February 2018 and March 2020, including the arbitration agreement associated with Comcast Solutions. This argument fails. Plaintiff has made clear that she never acknowledged or agreed to the new handbook. Therefore, she cannot claim to have entered into any new agreement that would supersede prior agreements she had with Comcast, including the Comcast Solutions arbitration agreement. The fact that other employees of Comcast may have entered into a new superseding agreement with the employer does not invalidate the

terms of the agreement Plaintiff entered. As the Court found in its prior Memorandum, the arbitration agreement between Plaintiff and Comcast never expired. ECF No. 50 at 8–9.[3]

In sum, there was no error in this Court finding the arbitration agreement at issue here to be valid and enforceable. Plaintiff does not appear to argue that her claims exceed the scope of issues subject to arbitration under the terms of this agreement. In the prior Memorandum, the Court found Plaintiff's claims to be arbitrable, ECF No. 50 at 12, and it is well established that, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 368–69 (4th Cir. 2012) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25 (1983)).

Notwithstanding, the Court will reconsider its decision to dismiss this case without prejudice rather than to stay it pending arbitration. Although there is no clear error of law in its decision to dismiss this matter, the Court finds, in the circumstances of this case, that dismissal could potentially work a "manifest injustice" under Rule 59(e) and there is a compelling reason to justify a stay instead of dismissal under Rule 60(b)(6). In deciding to order dismissal instead of a stay, the Court noted that "Plaintiff d[id] not argue that the case should be stayed pending arbitration." ECF No. 50 at 13. However, in her motion for reconsideration, Plaintiff now expresses a preference for a stay over dismissal without prejudice.[4] The Court recognizes that dismissal

---

[3] Moreover, even if a new employee handbook has superseded prior handbooks, counsel for Comcast proffered during the telephonic hearing that the terms of the Comcast Solutions arbitration agreement never changed.

[4] In pressing this point, Plaintiff goes as far as to say that the Court misrepresented the record in finding that she agreed to dismissal. *See* ECF No. 54 at 13; ECF No. 84 at 2. The Court made no such statement. The Court simply stated: "Plaintiff does not argue that the case should be stayed pending arbitration." ECF No. 50 at 13. Section 3 of the Federal Arbitration Act requires the court, "*on application of one of the parties*[,] [to] stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3 (emphasis added); *see also Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024) ("When a federal court finds that a dispute is subject to arbitration, and *a party has requested a stay of the court proceeding pending arbitration*, the court does not have discretion to dismiss the suit on the basis that all the claims are

11

without prejudice and closure of this case could pose adverse consequences to Plaintiff's ability to prosecute, at a later date, any claims that survive arbitration. Although Plaintiff failed to request a stay, she is self-represented, and some appropriate leniency is warranted. During the telephonic hearing, potential consequences of a stay versus dismissal were explained to Plaintiff, and she unequivocally expressed a preference for a stay over dismissal. Accordingly, the Court will revise its Order to stay this case pending arbitration, instead of dismissing it without prejudice.

However, the Court's directive that the parties arbitrate Plaintiff's claims will remain in force. Plaintiff does not show that compelling arbitration itself works any manifest injustice or that it is founded upon any "mistake, inadvertence, surprise, or excusable neglect[,]" or any "fraud . . . , misrepresentation, or misconduct by" Comcast. Fed. R. Civ. P. 60(b)(1), (3); *see also Pac. Ins. Co.*, 148 F.3d at 403 (citing Fed. R. Civ. P. 59(e)). The Order compelling arbitration is not "void" or "based on an earlier judgment that has been reversed or vacated[,]" and it has not been "satisfied, released, or discharged[.]" Fed. R. Civ. P. 60(b)(4), (5). The Court cannot find that compelling arbitration "is no longer equitable[,]" and Plaintiff has not persuaded the Court that any "other reason . . . justifies relief" from arbitration. Fed. R. Civ. P. 60(b)(5), (6). Plaintiff's challenge to the arbitration agreement merely seeks to relitigate issues raised in connection with Comcast's motion to compel arbitration or raise new issues that were available to her during the briefing of Comcast's motion. Accordingly, Plaintiff's arguments against arbitration are not permissible grounds for reconsideration under either Rule 59(e) or 60(b).[5]

---

subject to arbitration.") (emphasis added). Here, Plaintiff made no application or request for a stay. Plaintiff did not request a stay until after the Court ordered dismissal.

[5] Plaintiff seems to argue in some of her filings that she was denied her constitutional right to due process based upon the Court's alleged failure to address individually each of the many written filings she made in this case. Plaintiff cites no legal authority to support her due process argument. The Court will simply note that declining to address each of the dozens of filings she made in this case, while seeking very limited forms of relief on reconsideration, should not be taken as a failure or refusal to review each of her filings.

### IV.    MOTION FOR RECONSIDERATION OF ORDER DENYING MOTIONS AS MOOT

Plaintiff argues in her motion for reconsideration that the Court erred in denying some of her motions as moot, claiming the issues raised in those filings remained live and relevant to the ongoing proceedings. Specifically, the Court denied motions Plaintiff filed at ECF Nos. 41, 43, and 44 as moot after granting Comcast's motion to compel arbitration. ECF No. 51. In the motion filed at ECF No. 41, Plaintiff asked this Court to deem admitted by Comcast arguments Plaintiff made in an earlier filing regarding the arbitration agreement. Having rejected those arguments and compelled arbitration, the Court correctly determined that the issue presented in ECF No. 41 was moot. In ECF No. 41, Plaintiff also asked the Court to deem admitted by Comcast Plaintiff's motion for default judgment based upon a filing Plaintiff considered untimely. As noted in footnote 2 of the Court's prior Memorandum, ECF No. 50 at 4 n.2, the challenged filing was not untimely, and, even if it was untimely, default judgment would have been a legally unjustified and unduly harsh sanction.[6] Accordingly, ECF No. 41 was moot when the Court entered its Order. In ECF Nos. 43 and 44, Plaintiff claimed that the state court record was incomplete upon removal of this case to this Court. Based upon Plaintiff's description of these documents, they appear to bear on the merits of her claims but have no bearing on the validity of the arbitration agreement. These two motions are moot because the Court has compelled arbitration of Plaintiff's claims and need not reach the merits.

---

Between the prior Memorandum and the instant Memorandum, the Court has endeavored to explain its decision on each motion Plaintiff has presented, notwithstanding the piecemeal and disorganized manner in which Plaintiff has filed her motions and exhibits and her failure to comply with the formatting requirements of Local Rule 102.2 (D. Md. 2023).

[6] For the same reasons, a default judgment against Comcast remains improper at this juncture. Accordingly, Plaintiff's motion for the Court to reconsider its denial of default judgment, ECF No. 58, shall be denied.

V.   **MOTION TO SEAL**

Plaintiff also seeks reconsideration of the provision in the Court's Order denying Plaintiff's request to seal certain records and information filed in this case, and she renews her motion to seal. ECF No. 67. She argues that her personal information has been improperly disclosed and that such disclosure compromised her confidentiality and potentially exposed her to harms to her privacy and reputation. Plaintiff further argues that she should be permitted to proceed under the pseudonym "Jane Doe" to safeguard her privacy interests and minimize public exposure of her identity in connection with this litigation.

Plaintiff fails to identify any error in the Court's ruling. As noted in the prior Memorandum, ECF No. 50 at 14–17, the Court *sua sponte* sealed sensitive materials filed by Plaintiff, which had been docketed at ECF Nos. 12, 13, 14, and 15. ECF No. 18. Plaintiff does not identify any other specific unsealed documents that are appropriate for sealing. She makes no effort to rebut or overcome the presumption in favor of public access to court records and public identification of parties to litigation. *See Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Plaintiff herself filed this civil action, and there is no indication that she sought to seal the case or hide her identity at that time, and, since that time, she has not presented any legitimate grounds for sealing the entire case[7] or proceeding anonymously.

---

[7] If there are particular documents filed in this case that Plaintiff considers appropriate for sealing, she may file a motion to seal identifying those particular documents by docket number and setting forth reasons for sealing and "an explanation why alternatives to sealing would not provide sufficient protection." Local Rule 105.11 (D. Md. 2023).

## VI.  MOTION FOR SANCTIONS

In several filings since the Court's prior Order, Plaintiff asks the Court to impose sanctions on Comcast. Plaintiff argues that she is entitled to sanctions under Rule 11 of the Federal Rules of Civil Procedure due to alleged inconsistencies or contradictions in Comcast's legal arguments, which she claims are misleading and improper. Plaintiff argues that Comcast and/or its counsel deceived the Court and undermined the integrity of the judicial process by framing its arguments in a light most favorable to its position, allegedly obscuring material facts and misleading the Court.

Plaintiff is not entitled to sanctions under Rule 11. Rule 11 requires parties certify that their filings are well-grounded in law and fact, following a reasonable inquiry, and provides sanctions for a party's or counsel's failure to comply with these requirements. Fed. R. Civ. P. 11(b); *In re Bees*, 562 F.3d 284 (4th Cir. 2009) (holding the relevant test is whether the conduct, assessed objectively, was reasonable at the time of filing). Sanctions are not to be imposed lightly. Rule 11 is intended to deter abusive litigation practices and baseless filings, *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)—not to penalize legitimate advocacy or good-faith disagreements about the factual record or the law. On their face, Comcast's arguments in this litigation to date have been grounded in legal authority and have not reflected any bad faith or abuse of process. And Plaintiff fails to demonstrate that Comcast or its counsel have deceived the Court in any way or otherwise undermined the integrity of this proceeding. The Court does not find that Comcast's or its counsel's presentation of the record and legal arguments have fallen outside the bounds of proper advocacy. Plaintiff has presented no evidence of fraud, bad faith, or factual misrepresentations by Comcast or its counsel. Accordingly, Plaintiff's several requests for sanctions are not appropriate and are denied.

## VII. MOTION TO WAIVE FEES

Plaintiff has filed multiple motions seeking to "waive" certain costs of litigation. In a "Motion to Waive Fees for Document Mailing," Plaintiff asks this Court "to waive fees associated with mailing documents" in this case. ECF No. 70. She appears to be asking the Court to subsidize the costs of postage. She offers no legal authority for this Court to provide this form of relief. The motion shall be denied.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration shall be granted in part and denied in part. The motion is denied as to the Court's Order compelling arbitration and denying Plaintiff's prior motions, but it is granted as to its dismissal of the case without prejudice. The Court shall enter a new Order compelling arbitration and staying the instant case pending arbitration. In all other respects, the Court's Order of February 5, 2025, shall remain in effect. Plaintiff's remaining motions shall be denied.

August 11, 2025  
Date

_____  
Matthew J. Maddox  
United States District Judge